IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CROSSCOUNTRY MORTGAGE, INC., | ) | CASE NO.  1:19-cv-02273 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT NATIONWIDE** |
| NATIONWIDE MORTGAGE BANKERS, INC., | ) | **MORTGAGE BANKERS, INC.'S** |
| | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT AND COUNTERCLAIM** |
| Defendant. | ) | |
| | ) | (Jury Demand Endorsed Hereon) |

Now comes Defendant Nationwide Mortgage Bankers, Inc. ("Nationwide") and for its Answer to Plaintiff CrossCountry Mortgage Inc.'s ("Plaintiff" or "CrossCountry") Complaint, states as follows:

**ANSWER**

1.  Nationwide admits that Plaintiff purports to bring an action for tortious interference with Plaintiff's business and contractual relationships, conspiracy to breach fiduciary duties, misappropriation of trade secrets, conversion, and unfair completion, seeking damages and injunctive relief.  Nationwide denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.  Nationwide admits that Mr. Plenskofski and Ms. Hall were formerly employed by Plaintiff as its Chief Financial Officer and Chief Operating Officer, respectively.  Nationwide admits that Mr. Plenskofski had entered into an employment agreement with Plaintiff, a copy of which is attached to the Complaint as Exhibit A, and avers that the employment agreement speaks for itself.  Nationwide admits that Mr. Plenskofski and Ms. Hall owed certain duties to Plaintiff while they worked for Plaintiff.  Nationwide denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Nationwide avers that Mr. Plenskofski began working for Nationwide as its Acting Chief Executive Officer on or about August 7, 2018. Nationwide further avers that Ms. Hall began working for Nationwide on or about June 10, 2019. Nationwide denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Nationwide denies the allegations contained in Paragraph 4 of the Complaint.

5. Nationwide denies that Plaintiff is entitled to any damages whatsoever and otherwise denies the allegations contained in Paragraph 5 of the Complaint.

6. Nationwide admits the allegations contained in Paragraph 6 of the Complaint at the time that Plaintiff filed the Complaint.

7. Nationwide admits the allegations contained in Paragraph 7 of the Complaint.

8. Nationwide admits the allegations contained in Paragraph 8 of the Complaint.

9. Nationwide admits the allegations contained in Paragraph 9 of the Complaint.

10. Nationwide avers that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Nationwide denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Nationwide admits that this Court is a proper venue but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Nationwide avers that the Mr. Plenskofski's employment agreement, a copy of which is attached as Exhibit A to the Complaint, speaks for itself. Nationwide is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Nationwide avers that the employment agreement speaks for itself and denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Nationwide avers that the employment agreement speaks for itself and denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Nationwide avers that the employment agreement speaks for itself and denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Nationwide avers that the employment agreement speaks for itself and denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Nationwide avers that the employment agreement speaks for itself and denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Nationwide admits that Ms. Hall was one of Plaintiff's most senior executives and denies the remainder of the allegations contained in Paragraph 18 of the Complaint.

19. Nationwide denies the allegations contained in Paragraph 19 of the Complaint.

20. Nationwide admits that both Ms. Hall and Mr. Plenskofski left their employment with Plaintiff in 2018 and avers that Mr. Plenskofski left on May 13, 2018. Nationwide denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Nationwide admits that Mr. Plenskofski filed a complaint against Plaintiff with the Pennsylvania Human Relations Commission. Nationwide is without information sufficient to form a belief as to the truth of the remainder of allegations contained in Paragraph 21 of the Complaint and therefore denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Nationwide avers that the letter to Ms. Hall, a copy of which is attached as Exhibit B to the Complaint, speaks for itself. Nationwide is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and therefore denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Nationwide denies the allegations contained in Paragraph 23 of the Complaint.

24. Nationwide admits that Mr. Plenskofski began working for Nationwide in 2018. Nationwide denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Nationwide admits the allegations of the first two sentences of Paragraph 25 of the Complaint. Nationwide denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Nationwide denies the allegations contained in Paragraph 26 of the Complaint.

27. Nationwide admits that it is currently advertising vacancies for positions in Ohio. Nationwide denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Nationwide denies the allegations contained in Paragraph 28 of the Complaint.

29. Nationwide denies the allegations contained in Paragraph 29 of the Complaint.

30. Nationwide denies the allegations contained in Paragraph 30 of the Complaint.

31. Nationwide denies the allegations contained in Paragraph 31 of the Complaint.

32. Nationwide denies the allegations contained in Paragraph 32 of the Complaint.

33. Nationwide denies the allegations contained in Paragraph 33 of the Complaint.

34. Nationwide incorporates by reference each of its answers contained in the foregoing Paragraphs 1-33 as if fully stated herein.

35. Nationwide is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies the allegations contained in Paragraph 35 of the Complaint.

36. Nationwide denies the allegations contained in Paragraph 36 of the Complaint.

37. Nationwide denies the allegations contained in Paragraph 37 of the Complaint.

38. Nationwide denies the allegations contained in Paragraph 38 of the Complaint.

39. Nationwide denies the allegations contained in Paragraph 39 of the Complaint.

40. Nationwide denies the allegations contained in Paragraph 40 of the Complaint.

41. Nationwide denies the allegations contained in Paragraph 41 of the Complaint. Nationwide further denies that Plaintiff is entitled to any damages whatsoever.

42. Nationwide incorporates by reference each of its answers contained in the foregoing Paragraphs 1-41 as if fully stated herein.

43. Nationwide avers that the employment agreement between Mr. Plenskofski and Plaintiff speaks for itself. Nationwide further states the remaining allegations contained in Paragraph 43 of the Complaint are legal conclusions and characterizations, to which no response is required. To the extent a response is required, Nationwide denies the remaining allegations contained in Paragraph 43 of the Complaint.

44. Nationwide is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore denies the allegations contained in Paragraph 44 of the Complaint.

45. Nationwide states that the employment agreement speaks for itself. Nationwide denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. Nationwide denies the allegations contained in Paragraph 46 of the Complaint.

47. Nationwide denies the allegations contained in Paragraph 47 of the Complaint.

48. Nationwide denies the allegations contained in Paragraph 48 of the Complaint.

49. Nationwide denies the allegations contained in Paragraph 49 of the Complaint. Nationwide further denies that Plaintiff is entitled to any damages whatsoever.

50. Nationwide incorporates by reference each of its answers contained in the foregoing Paragraphs 1-49 as if fully stated herein.

51. Nationwide denies the allegations contained in Paragraph 51 of the Complaint.

52. Nationwide denies the allegations contained in Paragraph 52 of the Complaint.

53. Nationwide denies the allegations contained in Paragraph 53 of the Complaint.

54. Nationwide denies the allegations contained in Paragraph 54 of the Complaint.

55. Nationwide denies the allegations contained in Paragraph 55 of the Complaint. Nationwide further denies that Plaintiff is entitled to any damages whatsoever.

56. Nationwide incorporates by reference each of its answers contained in the foregoing Paragraphs 1-55 as if fully stated herein.

57. Nationwide denies the allegations contained in Paragraph 57 of the Complaint.

58. Nationwide denies the allegations contained in Paragraph 58 of the Complaint.

59. Nationwide denies the allegations contained in Paragraph 59 of the Complaint.

60. Nationwide avers that Mr. Plenskofski's employment agreement and the letter to Ms. Hall, copies of which are attached to the Complaint, speak for themselves. Nationwide denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. Nationwide denies the allegations contained in Paragraph 61 of the Complaint.

62. Nationwide denies the allegations contained in Paragraph 62 of the Complaint.

63. Nationwide denies the allegations contained in Paragraph 63 of the Complaint.

64. Nationwide denies the allegations contained in Paragraph 64 of the Complaint.

65. Nationwide denies the allegations contained in Paragraph 65 of the Complaint. Nationwide further denies that Plaintiff is entitled to any damages whatsoever.

66. Nationwide incorporates by reference each of its answers contained in the foregoing Paragraphs 1-65 as if fully stated herein.

67. Nationwide denies the allegations contained in the first sentence of Paragraph 67 of the Complaint. The allegations contained in the remainder of Paragraph 67 of the Complaint are legal conclusions and characterizations, to which no response is required. To the extent a

response is required, Nationwide denies the remaining allegations contained in Paragraph 67 of the Complaint.

68. Nationwide denies the allegations contained in the first sentence of Paragraph 68 of the Complaint. The allegations contained in the remainder of Paragraph 68 of the Complaint are legal conclusions and characterizations, to which no response is required. To the extent a response is required, Nationwide denies the remaining allegations contained in Paragraph 68 of the Complaint.

69. Nationwide avers that Mr. Plenskofski's employment agreement and the letter to Ms. Hall, copies of which are attached to the Complaint, speak for themselves. Nationwide denies the remaining allegations contained in Paragraph 69 of the Complaint.

70. Nationwide denies the allegations contained in Paragraph 70 of the Complaint. Nationwide further denies that Plaintiff is entitled to any damages whatsoever.

71. Nationwide incorporates by reference each of its answers contained in the foregoing Paragraphs 1-70 as if fully stated herein.

72. Nationwide admits the allegations contained in Paragraph 72 of the Complaint.

73. Nationwide denies the allegations contained in Paragraph 73 of the Complaint.

74. Nationwide denies the allegations contained in Paragraph 74 of the Complaint.

75. Nationwide denies the allegations contained in Paragraph 75 of the Complaint. Nationwide further denies that Plaintiff is entitled to any damages whatsoever.

Nationwide incorporates by reference each of its answers contained in the foregoing Paragraphs 1-75 as if fully stated herein. The "WHEREFORE" paragraphs following Paragraph 75 of the Complaint sets forth legal conclusions and Plaintiff's prayer for relief, to which no response is required. To the extent responses are required, Nationwide denies the allegations

contained in Plaintiff's "WHEREFORE" paragraphs and denies that Plaintiff is entitled to its requested relief or any other relief whatsoever.

## GENERAL DENIAL

Nationwide denies each and every allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

Although specifically denying any liability to Plaintiff, Nationwide asserts the following as further and separate affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, and/or the damages sought therein, are barred by Plaintiff's failure to reasonably mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to all or part of the relief sought.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to costs or reasonable attorneys' fees.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Nationwide has at all times acted reasonably and in good faith with respect to its obligations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of punitive damages, injunctive relief, or any declaratory relief.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's unclean hands.

## RESERVATION OF AFFIRMATIVE DEFENSES

Nationwide reserves all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses, at law or in equity, that may be available now or may become available in the future, based on discovery or other factual investigation of this case.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Nationwide respectfully requests that the Court:

1. Deny Plaintiff's requested relief and any other relief;

2. Dismiss the Complaint with prejudice and enter judgment in favor of Nationwide;

3. Award Nationwide its attorneys' fees and costs incurred in defending this action; and

4. Award Nationwide such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Now comes Defendant and Counterclaim-Plaintiff Nationwide Mortgage Bankers, Inc. ("Nationwide") and for its Counterclaim, states as follows:

## PARTIES

1. Nationwide is a mortgage lender incorporated in Delaware and with its principal place of business in Melville, New York.

2. At the time that Plaintiff and Counterclaim-Defendant CrossCountry Mortgage Inc. ("CrossCountry") filed the Complaint, it was an Ohio corporation with its principal place of business in Brecksville, Ohio.

3. As of September 30, 2019, CrossCountry became a limited liability company.

**FACTS**

4. This is an action for tortious interference with Nationwide's business relationships and unfair competition, seeking damages and injunctive relief against CrossCountry. It arises out of a tortious and unlawful scheme by CrossCountry, conducted at the direction of its President and CEO Ronald J. Leonhardt, Jr., to poach Nationwide's employees while simultaneously accusing Nationwide of the same conduct.

5. Nationwide is a direct mortgage lender exclusively serving the home finance market for one to four family residential properties. Nationwide is licensed by the U.S. Department of Housing and Urban Development and specializes in government insured loans, including loans for the military population. Nationwide also offers conventional home financing. Nationwide operates in 40 states and the District of Columbia.

6. CrossCountry considers itself to be a competitor of Nationwide despite the vast difference in size and states of operation between the two companies.

7. Simultaneously with CrossCountry readying this lawsuit against Nationwide accusing Nationwide of soliciting its employees, CrossCountry's own recruiter was contacting Nationwide's top producers. On August 28, 2019, CrossCountry's Divisional Business Development Manager Kenny Chen attempted to solicit William Del Mazo, a Nationwide mortgage loan officer, via email and voicemail. Mr. Chen told Mr. Del Mazo that CrossCountry is looking to "expand in your market" and provided details on the competitive compensation package. Mr. Chen sent Mr. Del Mazo a document titled "Discover the CCM Difference" with

information about CrossCountry, including benefits, recruitment and training, and marketing data.

8. CrossCountry continued its efforts to undermine Nationwide's business the following day, August 29, 2019, when Laurie Lee, Business Development Manager at CrossCountry, called Nationwide's loan officer Ryan Bannahan to solicit him to CrossCountry.

9. That same day, Mr. Chen continued his unlawful efforts to solicit Nationwide mortgage lenders to CrossCountry. Mr. Chen contacted Giorgio Klinar, the Vice President and Branch Manager at Nationwide's Mahwah, New Jersey location, and Manuel Klinar, a key member of the Mahwah, New Jersey office, via text message and voicemail, attempting to set up a call to discuss the substantial bonus that CrossCountry would offer them as an inducement to leave Nationwide.

10. CrossCountry filed this lawsuit against Nationwide the following day, August 30, 2019. Also on that day, its President and CEO Mr. Leonhardt contacted Robert Jayne, the EVP of Sales at Nationwide, in an attempt to solicit Mr. Jayne to join Nationwide. Mr. Leonhardt texted Mr. Jayne with a seven figure monetary offer, a "turnkey office," and a "marketing/branding budget." Mr. Leonhardt asked Mr. Jayne to "[l]et me know. Play the long game. Where your [sic] at isn't long." Mr. Jayne had joined Nationwide in March 2019.

11. Worse yet, Mr. Leonhardt's unlawful conduct did not stop there. Also on August 30, 2019, he sent a private message via the professional networking website LinkedIn to Carrie Milbank, Nationwide's Corporate Recruiting Manager. Mr. Leonhardt asked Ms. Milbank whether she was "ready to work for a real company," and encouraged her to contact a specific agent at CrossCountry. Mr. Leonhardt cautioned Ms. Milbank not to use Jodi Hall's name when contacting this CrossCountry agent. Ms. Hall is Nationwide's President and a former CrossCountry executive. Even though CrossCountry's Complaint against Nationwide brands

11

Ms. Hall as a "highly trusted employee," a "valuable former employee," and one of "CrossCountry's most senior executives," (see Complaint ¶¶ 2, 24), Mr. Leonhardt's message to Ms. Milbank warned her that Ms. Hall "wasn't respected or well liked" because "[s]he was only [at CrossCountry] for 2 years and was far from running operations."

12. Similarly, on September 3, 2019, in the course of two hours of the afternoon, Mr. Chen attempted to solicit three more Nationwide loan officers - Adam Sirju, Karina Escobar, and Jessica Martinez. Mr. Chen left voicemails for each of them and also emailed the document titled "Discover the CCM Difference," which he sent loan officer Mr. Del Mazo a few days prior.

13. CrossCountry has undertaken these consistent and incessant efforts to poach Nationwide's employees while simultaneously accusing Nationwide, without providing any details, of similar conduct.

14. CrossCountry's ulterior motives in bringing this litigation against Nationwide were never more clear than in a phone conversation between its President and CEO Mr. Leonhardt and Richard M. Steinberg, Nationwide's Founder and Chairman. On August 31, 2019, the day after CrossCountry filed the Complaint in this action, Mr. Leonhardt threatened Mr. Steinberg by making a statement akin to "I made $10 million dollars last month and I'm willing to spend half of that to put you out of business."

## CAUSES OF ACTION

### COUNT I - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

15. Nationwide incorporates by reference each of the allegations contained in the foregoing paragraphs 1 - 14 of the Counterclaim as if fully restated herein.

16. Nationwide reasonably expected to continue to obtain the economic benefits and advantages of its relationships with its employees, including its at-will employees, and the customers and borrowers for whom those employees provide services.

17. Through the above described conduct, CrossCountry has, and continues to, intentionally and without justification or privilege, interfere with Nationwide's business relationship with its employees.

18. CrossCountry is aware of and has actual knowledge of Nationwide's business relationships with its employees and customers.

19. CrossCountry has knowingly and intentionally interfered with Nationwide's business relationships by soliciting Nationwide's employees to terminate their relationship with Nationwide. CrossCountry has acted maliciously to defame Nationwide in the course of its unlawful recruitment efforts.

20. CrossCountry's motive is to inflict financial harm on a company it considers to be a direct competitor, and CrossCountry has acted with actual malice toward Nationwide.

21. Nationwide has sustained damages and injury as a direct and proximate result CrossCountry's tortious interference with Nationwide's employees (and, by extension, the borrowers with whom those employees work).

22. CrossCountry's malicious conduct, commenced at the same time as it initiated a legal battle against Nationwide, is so egregious and undertaken with such conscious disregard of Nationwide's rights, that punitive damages are required.

23. As a result of CrossCountry's conduct, Nationwide is being damaged by the ongoing and threatened loss of its prospective economic advantage in the relationship with its customers, through the employees that CrossCountry is targeting. Unless enjoined,

CrossCountry will persist in its unlawful conduct and cause such damages to Nationwide in amounts which will be difficult, if not impossible, to ascertain.

## COUNT II - UNFAIR COMPETITION

24. Nationwide incorporates by reference each of the allegations contained in the foregoing paragraphs 1 - 23 of the Counterclaims as if fully rewritten and referenced herein.

25. CrossCountry considers itself to be a competitor of Nationwide. (See Complaint ¶ 72).

26. By seeking to pirate Nationwide's key employees through unlawful solicitation at the same time as waging a legal battle against Nationwide for the same alleged conduct, CrossCountry has committed unfair trade practices that are unethical and constitute an infringement of Nationwide's property rights.

27. CrossCountry has engaged in such unfair competition deliberately, in bad faith and with malice, and for the purpose of inflicting harm on Nationwide and/or to benefit itself at the expense of its alleged competitor Nationwide.

28. CrossCountry's unfair competition has caused, and is causing, Nationwide to suffer immediate and ongoing harms, including damage to valued employment relationships, loss of competitive position, loss of goodwill, loss of market share, and lost profits.

## PRAYER FOR RELIEF

**WHEREFORE**, Nationwide requests the following relief from this Court:

    a)    Enter judgment in favor of Nationwide and against CrossCountry;

    b)    Damages in an amount to be determined at trial;

    c)    Applicable pre-judgment interest;

    d)    Attorneys' fees and costs; and

   e)  Any further and alternative relief this Court may deem just and appropriate under the circumstances.

## JURY DEMAND

Defendant Nationwide Mortgage Bankers, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Yelena G. Katz*
JOSEPH N. GROSS (0056241)
YELENA G. KATZ (0092130)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Emails: jgross@beneschlaw.com
    ykatz@beneschlaw.com

*Attorneys for Defendant and Counterclaim-Plaintiff Nationwide Mortgage Bankers, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify, on this 6th day of November, 2019, I filed the forgoing pleading by CM/ECF upon the following:

    Michael A. Platt, Esq.
    Benjamin M. Gavel, Esq.
    Kirsty F. McNamara, Esq.
    Margaret Monihan Toohey, Esq.
    JONES DAY
    North Point
    901 Lakeside Avenue
    Cleveland, OH  44114
    maplatt@jonesday.com
    bgavel@jonesday.com
    kmcnamara@jonesday.com
    mtoohey@jonesday.com

    *Attorneys for Plaintiff and Counterclaim-Defendant CrossCountry Mortgage, Inc.*

    *s/ Yelena G. Katz*
    Yelena G. Katz
    *One of the Attorneys for*
    *Defendant and Counterclaim-Plaintiff Nationwide Mortgage Bankers, Inc.*